IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark C. Shaw,                       :

    Plaintiff,                    :

  v.                                :   Case No. 2:05-cv-0176

Richard C. Pfeiffer, Jr., Esq.,     :   JUDGE SMITH
et al.,
                                :

    Defendants.

ORDER

    On September 26, 2005, plaintiff filed a motion for leave to file *instanter* an amended complaint.  The reason for the request to file *instanter* is that the motion was filed after the date for filing such motions as established by the preliminary pretrial order.  The salient feature of the amended complaint is the addition of a claim for unlawful termination under Title VII of the Civil Rights Act of 1964.  Defendants have opposed the motion.  For the following reasons, the motion for leave to amend will be denied.

    The Court may deny a party leave to file an amended pleading if the pleading would be an exercise in futility.  <u>Robinson v. Michigan Consolidated Gas Co</u>., 918 F.2d 579 (6th Cir. 1990).  The proposed amended complaint does not allege that plaintiff ever presented his discrimination claim to the EEOC or the Ohio Civil Rights Commission, or that he received a right-to-sue letter.  No such letter is attached to the amended complaint.

    As the Court of Appeals for the Sixth Circuit noted in <u>Parsons v. Yellow Freight System, Inc</u>., 741 F.2d 871, 873 (6th Cir. 1984),

> It is, of course, firmly established that a
> Title VII plaintiff must, as a prerequisite

>to suit, (1) file a timely charge of
>employment discrimination with the EEOC, and
>(2) receive and act upon the Commission's
>statutory notice of the right to sue.
><u>McDonnell Douglas Corp. v. Green</u>, 411 U.S.
>792, 798, 93 S.Ct. 1817, 1822 [36 L.Ed.2d
>668] (1973); <u>Alexander v. Gardner-Denver Co.</u>,
>415 U.S. 36, 47, 94 S.Ct. 1011, 1019 [39
>L.Ed.2d 147] (1974); 42 U.S.C. § 2000e-5(e)
>and (f).

In light of these "firmly established" principles, it is somewhat surprising that plaintiff would seek to add a Title VII claim to this case. Nonetheless, it appears that is what he has attempted to do, although the absence of any description in his supporting memorandum as to the changes or additions to his original complaint which he seeks to make, and the absence of any reply memorandum, make it somewhat difficult to be completely certain about the nature of the proposed amendment. In any event, the tendered amended complaint is fatally defective to the extent that it does assert a Title VII claim, and therefore should not be filed. The motion for leave to amend *instanter* (#11) is therefore denied. This ruling does not affect the request made by plaintiff in his response to the pending summary judgment motion to file an amended complaint.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.1


/s/ Terence P. Kemp
United States Magistrate Judge