UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mark C. Shaw,**

    **Plaintiff,**

-V-                          Case No. 2:05-CV-00176
                              JUDGE SMITH
                              Magistrate Judge Kemp

**Richard C. Pfeiffer, Jr.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Defendants City Attorney Richard C. Pfeiffer, Jr. and Director of Public Safety Mitchell J. Brown, sued in their official capacities only, move for summary judgment as to the entirety of Plaintiff's claims (Doc. 19). Plaintiff has filed a cross motion to file an amended complaint *instanter* (Doc. 24) and a motion for reconsideration of the August 8, 2006 Order Denying Leave to Amend Complaint (Doc. 28). For the reasons that follow, the Court **GRANTS** Defendants' Summary Judgment Motion (Doc. 19). The Court **DENIES** Plaintiff's Cross Motion to File Amended Complaint *Instanter* (Doc. 24). The Court **DENIES in part** Motion for Reconsideration of the August 8, 2006 Order Denying Leave to Amend Complaint (Doc. 28) insofar as it seeks to assert 42 U.S.C. § 1983 claims against Defendants in their personal capacities and orders further briefing on the Title VII claim.

# I.  FACTS

Plaintiff, Mark C. Shaw, is a resident of Franklin County, Ohio and a former employee of the City of Columbus, Ohio Division of Police, having formerly been employed as a Criminalist II with responsibility, *inter alia*, for the conducting of various laboratory analyses including the testing of blood and urine samples for the presence of alcohol and controlled substances.

Defendant Richard C. Pfeiffer, Jr. is the current City Attorney for the City of Columbus. Defendant Mitchell J. Brown is the current Director of the Department of Public Safety for the City of Columbus.  Both are sued in their official capacities only.

On April 30, 2001, the Division of Police conducted an administrative hearing in which Plaintiff admitted that he failed to open mail addressed to him that had a direct bearing on the certification of the Crime Lab and also that he failed to inform his supervisor in a timely manner of a phone call from the Ohio Department of Health.  Plaintiff alleges he was compelled by Defendants to give testimony at this hearing that was later utilized in his criminal prosecution in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

On May 9, 2002, the State filed criminal complaints against Plaintiff, each complaint containing a single count charging Plaintiff with a misdemeanor of dereliction of duty in contravention of R.C. § 2921.44(E).  More specifically, the complaints alleged:

> Defendant, a public servant, to wit, a public servant employed by the City of Columbus Division of Police Crime Laboratory as a Criminalist II did recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, to wit: while holding a laboratory technician's/director's permit as described in OAC 3701-53-07(A) did fail to conduct evidential tests of biological fluids for alcohol levels in accordance with the laboratory's written procedure manual in violation of OAC 3701-53-06(C), to wit: reported alcohol level results for blood or urine samples where one or more quality control samples used in testing had a test result more than 5% outside the known for the quality control sample.

Plaintiff's Complaint, Exhibit A. On July 11, 2002, Plaintiff filed a motion to dismiss the criminal charges, arguing that the complaints failed to allege the commission of a crime because the sections of the Ohio Administrative Code cited in the complaints constitute rules or guidelines to run a laboratory, and not duties expressly imposed by law. *See State v. Shaw*, 2003 WL 1962440 (Ohio App. 10 Dist., Apr. 29, 2003). By entry August 26, 2002, the trial court granted defendants motion to dismiss. *Id.* On appeal, the Franklin County Court of Appeals reversed the lower court, holding that the indictments averred the essential elements of the charged offense. *Id.* The case proceeded to a bench trial. On September 22, 2003, the trial court dismissed the charges. Plaintiff's Complaint, Exhibit D.

On February 24, 2005, Plaintiff filed the instant suit in which he alleges that Defendants, in their official capacities, violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution. He brings his federal claims under 42 U.S.C. § 1983. Plaintiff also asserts a state law cause of action for negligent infliction of emotional distress and seeks punitive damages.

## II. SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if

3

the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150-51 (2000).[1] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Id*. Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id*.

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex*, and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily

---

[1] *Reeves* involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

inappropriate for summary judgment. *Id*. at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id*. (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. Id. It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" Id. (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. DISCUSSION

A. **Preliminary Matters**

    1. **Plaintiff's Motion for Reconsideration of August 8, 2006 Order Denying Leave to Amend Complaint**

On September 26, 2005, Plaintiff filed a motion for leave to file *instanter* an amended complaint ("September 26, 2005 proposed Amended Complaint") seeking to add a claim for unlawful termination under Title VII of the Civil Rights Act of 1964 (Doc. 11). The reason for the request to file *instanter* is that the motion was filed after the date for filing such motions as established by the preliminary pretrial order. Defendants opposed the motion. The Magistrate Judge's Order denied the leave to amend on the narrow grounds that Plaintiff's tendered amended

5

complaint was fatally defective to the extent it sought a Title VII claim because it failed to allege that Plaintiff filed a charge of discrimination and received a right-to-sue letter (Doc. 27).

Plaintiff has filed a motion for reconsideration of the August 8, 2006 Order Denying Leave to Amend Complaint (Doc. 28). Plaintiff states that it did receive a right to sue letter and sought to add the racial discrimination claim within 90 days of having received this letter. Plaintiff attached Exhibit A, his right to sue letter, to the motion for reconsideration.

Review of Plaintiff's Exhibit A reveals that Plaintiff failed to timely file with the EEOC. Defendants argue that, given that Plaintiff failed to satisfy the administrative prerequisites to filing a Title VII charge, he will not be able to maintain a Title VII claim as a matter of law, and therefore, Plaintiff's motion to amend his Complaint should be denied on the basis of futility.

To satisfy the prerequisites to an employment discrimination action, a claimant must: (1) file a timely charge of discrimination with the EEOC; and (2) receive and act upon the EEOC's notice of right to sue. *See Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir.1989).

As to the first requirement, Title VII requires a plaintiff alleging employment discrimination to file a timely charge of discrimination with the EEOC before bringing suit in federal court. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973); *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir.1999), *cert. denied*, 528 U.S. 1154 (2000). The applicable statute of limitations begins to run from the date of "the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). Title VII has a dual statute of limitations:

> Usually, if the alleged discrimination occurred more than 180 days prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred. However, if the alleged unlawful practice occurs in a "deferral state," in this case Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file suit within 300 days of the alleged discriminatory act.

*Alexander*, 177 F.3d at 407 (citation omitted). The alleged unlawful employment practices in this

case occurred in Ohio, a deferral state, and thus the 300-day period in which to file an EEOC charge under Title VII applies if the charge is filed with the OCRC. *Id.* Thus, to exhaust administrative remedies, the plaintiffs must have filed an EEOC charge within 180 days of the alleged discrimination, or with the state agency within 300 days. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001).

After a charge of discrimination is filed, the EEOC must investigate the complaint in order to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b). If the EEOC determines that the complaint has a reasonable basis, it will issue a right-to-sue letter to the plaintiff. 29 C.F.R. § 1601.28(b). If the EEOC does not issue a right-to-sue letter within 180 days after the charge of discrimination is filed, the plaintiff may request such a letter. 29 C.F.R. § 1601.28(a). A person must possess a right-to-sue letter from the EEOC in order to file suit under Title VII. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir.1999).

Nevertheless, the Court's inquiry does not end here. Because exhaustion requirements pursuant to Title VII are not jurisdictional prerequisites, they are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002). Equitable tolling relief should be granted only sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000). In determining whether the equitable tolling of the EEOC filing period is appropriate in a given case, the following five factors, among others, may apply:

    1) lack of notice of the filing requirement;

    2) lack of constructive knowledge of the filing requirement;

    3) diligence in pursuing one's rights;

      4) absence of prejudice to the defendant; and

      5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.

*Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998).

In the instant case, Plaintiff failed to timely file with the EEOC. It is the burden of the employee in such an instance to plead and prove facts supporting equitable avoidance of a timeliness deadline. *Hampton v. Caldera*, 58 Fed.Appx. 158, 160 (6th Cir. 2003) *citing Bowden v. United States*, 106 F.3d 433, 437 (D.C.Cir. 1997). Thus, in the instant case, the burden of demonstrating the applicability of equitable tolling relief lies with Plaintiff. Accordingly, the Court orders additional briefing on the Title VII claims. Briefing is limited to whether or not equitable tolling relief should be granted.

    **2.**     **Plaintiff's Cross-Motion to File an Amended Complaint *Instanter***

On March 20, 2006, Plaintiff, in his memorandum in opposition to Defendants' Motion for Summary Judgment, filed a cross-motion to file an amended complaint *instanter* (Doc. 24). The proposed amended complaint filed with this motion ("March 20, 2006 proposed Amended Complaint") is different than the September 26, 2005 proposed Amended Complaint discussed *supra*. While both of the proposed amended complaints seek to add a claim for unlawful termination under Title VII of the Civil Rights Act of 1964[2], the March 20, 2006 proposed Amended Complaint seeks, for the first time, to name Defendants in their personal capacities as to Plaintiff's § 1983

---

[2]Just as with the September 26, 2005 proposed Amended Complaint, this proposed amended complaint is also fatally defective to the extent it seeks to add a Title VII claim because it too fails to allege that Plaintiff filed a charge of discrimination and received a right-to-sue letter. However, in light of Exhibit A to Plaintiff's Motion for Reconsideration of the August 8, 2006 Order Denying Leave to Amend Complaint, the Court refers the parties to Its discussion in III.A.1, *supra*.

claims. Defendants oppose this motion. Plaintiff claims the amendments are a function of further investigation and discussions concerning the basis for Plaintiff's claims and a response to Defendant's summary judgment motion.

Defendants argue that Plaintiff fails to demonstrate "good cause" for amending his complaint nine months after the deadline for filing motions for leave to amend set forth in the pretrial order and after the Defendants' filing of a motion for summary judgment.[3] Defendants further argue that, as a matter of law, Defendants would be prejudiced if Plaintiff were permitted to allege § 1983 claims against them in their personal capacities. Finally, Defendants assert that allowing Plaintiff to amend to add these § 1983 personal capacity claims would be futile because the applicable statute of limitations bar these claims.

The Court may deny a party leave to file an amended pleading if the pleading would be an exercise in futility. *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579 (6th Cir. 1990). The March 20, 2006 proposed Amended Complaint seeks to add § 1983 claims against Defendants in their personal capacities. The statute of limitations for § 1983 claims is two years. *Banks v. city of Whitehall*, 344 F.3d 550 (6th Cir. 2003), relying on *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). The criminal charges against Plaintiff were dismissed on September 23, 2003. Thus, the

---

[3] Defendants note that Plaintiff does not offer what information he has allegedly obtained as of March 20, 2006 that he did not know or could not have asserted. Defendants further point out that it is undisputed that Plaintiff has conducted no formal discovery and has never served written discovery requests or requested any depositions. The Court recognizes that there is no apparent justification for Plaintiff's delay and that a defendant is significantly prejudiced when a plaintiff seeks to amend his complaint after the close of discovery and the filing of dispositive motions. *See Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999); *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784 (6th Cir. 2005). However, because the Court finds that the requested amendment would be futile given that the statute of limitations for Plaintiff's § 1983 claims has expired, the Court does not address Defendants' argument that Plaintiff failed to make a showing of "good cause" to amend the complaint.

two-year limitations period for Plaintiff's alleged § 1983 claims expired, at the latest, on September 23, 2005 or six months before the filing of the March 20, 2006 proposed Amended Complaint.

To amend a complaint after the statute of limitations has tolled, a plaintiff must show that the amendment "relates back" to the original complaint. Federal Rule 15(c) provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> 1. relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> 2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set for or attempted to be set forth in the original pleading , or
> 3. The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the instant case, Plaintiff, in his original complaint, filed February 24, 2005, stated unequivocally that the defendants were being sued in their official capacities. (Compl. ¶¶ 2,3). He expressly alleged "the acts complained of in this action were undertaken by [Defendants] not in their capacity as individuals . . . ." (Compl. ¶ 6). The September 26, 2005 proposed Amended Complaint contained these identical allegations. Plaintiff admits that these pleadings sought only the hold the City of Columbus liable. Plaintiff's Memo in Opp. at 2. The at-issue March 20, 2006 proposed Amended Complaint does not add any factual allegations, but instead merely adds "personal capacity" to Paragraphs 2 and 3 and changes Paragraph 6 to allege that Defendants were acting as "individuals" and as "officials."

Defendants assert, and the Court agrees, that *Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993) governs the instant case. In *Lovelace*, the Sixth Circuit considered whether the trial court properly permitted plaintiff to amend her complaint to add a § 1983 personal capacity claim against a defendant after the statute of limitations for § 1983 claims had expired and where the original complaint stated that the defendant was not acting as an individual, but rather in his official capacity only. The *Lovelace* Court stated that Fed.R.Civ.P. 15(c)(3) addresses these circumstances. *Id*. at 850. The Sixth Circuit noted that while there is no question the original and amended complaints involve the same conduct, as a matter of law, the defendant did not have notice he was being sued individually because the original complaint contained a statement that defendant acted not as an individual, but in his official capacity. *Id*.

In reaching its conclusion, the *Lovelace* Court recognized Sixth Circuit precedent in *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), to wit:

> The face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees. Although modern pleading is less rigid than in an earlier day, we have not let down all pleading barriers. It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.

*Id.* at 850 *citing Wells* at 593.

The Sixth Circuit concluded that the *Lovelace* trial court erred in granting plaintiff leave to amend to name defendant in his personal capacity after the § 1983 statute of limitations had expired. The Sixth Circuit explained that the original complaint clearly intended to hold the state responsible for the plaintiff's actions and that defendant had no reason to believe that he would be personally liable or that personal assets were at state. *Id.* The Court further explained

> . . . the distinction between an official capacity and an individual capacity suit is significant . . . . An amendment in a defendant's capacity in a lawsuit under 42 U.S.C. §

11

> 1983 alters the elements of recovery and defense and requires major changes in pleading, discovery, trial preparation and selection and location of witnesses to testify at trial.

*Id.* (internal citations ommitted).

Just as in *Lovelace*, Plaintiff's original complaint (and the September 26, 2005 proposed Amended Complaint) evidences an intentional choice by Plaintiff to bring an official capacity suit only. On its face, Plaintiff's original complaint is not ambiguous. Moreover, Plaintiff, in his memo in opposition, admits it was his intent to sue defendants in their official capacities only. As the Sixth Circuit has found, "[w]ith such a clear statement in the pleadings, [the defendant] had no reason to believe that he was being sued in a personal capacity or that but for a mistake in identity, the suit would have been against him personally. Thus, the amended complaint fails to meet the criteria for relation back as set forth in Fed.R.Civ.P. 15(c)(3)." *Id.* Consequently, the Court finds that the requested amendment would be futile given that the statute of limitations for Plaintiff's § 1983 claims has expired and therefore denies Plaintiff's Cross-Motion for Leave to File an Amended Complaint *Instanter* (Doc. 28).

**B.     Federal Claims**

As a preliminary matter, Plaintiff has asserted claims against Richard C. Pfeiffer, the current City Attorney for the City of Columbus, and Mitchell J. Brown, the current Director of the Department of Public Safety for the City of Columbus, naming each individual solely in their official capacities. Defendants contend, and the Court agrees, that because Plaintiff failed to make any specific allegation against any of the Defendants in their individual capacity, the action is only against the City. *See Pusey v. Cty of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) ("A suit against a person in his or her official capacity is a suit against the office and no the person."). Thus, the Court views the instant claims as claims made against the City of

Columbus.

42 U.S.C. § 1983 accords a remedy against "any person" who, under color of state law, deprives another of rights protected by the United States Constitution. Municipalities and other local government entities are deemed persons under § 1983. *Monell v. Depart. of Social Services*, 436 U.S. 658, 690 (1978). Notwithstanding:

> Congress did not intend municipalities to be held liable unless action pursuant to official; municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id.* at 691; *see also Culberson v. Doan*, 125 F.Supp. 252, 272 (S.D. Ohio 2000) (holding that a municipality cannot be held liable under 42 U.S.C. § 1983 for its employee's conduct on the basis of *respondeat superior*). The *Monell* Court further stated:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts that the government as an entity is responsible under § 1983.

436 U.S. at 693.

Since the doctrine of *respondeat superior* is inapplicable, the city or municipality is only liable when the city itself is the wrongdoer. *Collins v. City of Harker Heights Tex.*, 503 U.S. 115, 122 (1992). Therefore, in the instant case, the City of Columbus must have caused the constitutional violations asserted by Plaintiff through an execution of a governmental policy or custom. The Sixth Circuit has stated that to satisfy the *Monell* requirements, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987).

In the instant case, Defendants argue that Plaintiff has failed to allege any policy or custom of the City of Columbus that resulted in the violation of his constitutional rights. The Court agrees. As Defendants point out, Plaintiff's claims concern only the circumstances of his own prosecution. Plaintiff's assertion that his prosecution was "wrongful and malicious" does not constitute an articulation of a policy, custom or practice on the part of the City. The City asserts that it has no policy, custom or practice that violates the Constitution and Plaintiff has failed to provide any articulation or evidence to the contrary. Accordingly, Defendants' Motion for Summary Judgment is hereby granted.

### C. State Law Claims

The Court has granted Defendants' Motion for Summary Judgment on Plaintiff's federal claims. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims. It is well settled that a District Court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Id.*; *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Therefore, pursuant to 28 U.S.C. § 1367(c)(3) and (d), the Court will dismiss Plaintiff's state law claims against Defendants without prejudice.

### V. CONCLUSION

Based on the above, the Court **GRANTS** Defendants' Summary Judgment Motion (Doc. 19). The Court **DENIES** Plaintiff's Cross Motion to File Amended Complaint *Instanter* (Doc. 24). The Court **DENIES in part** Motion for Reconsideration of the August 8, 2006 Order Denying Leave to Amend Complaint (Doc. 28) insofar as it seeks to assert 42 U.S.C. § 1983

14

claims against Defendants in their personal capacities and orders further briefing on the Title VII claim.  The Court requests further briefing specifically on whether or not equitable tolling relief should be granted.   Further, Plaintiffs are ordered to file all of the documentation filed with the EEOC forming the basis of any alleged Title VII claim.

Though all pending claims are dismissed, the Court orders the Clerk to refrain from entering a final judgment in this case pending the resolution Motion to file *Instanter* Complaint and the Motion for Reconsideration (Doc. 28).

The Clerk shall remove Documents 19 and 24 from the Court's pending motions list.

**IT IS SO ORDERED.**

  _s/ George C. Smith_
 **GEORGE C. SMITH, JUDGE**
 **UNITED STATES DISTRICT COURT**