UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mark C. Shaw,**

    **Plaintiff,**

                                              Case No.: 2:05-cv-176
                                              JUDGE SMITH
                                              Magistrate Judge Kemp

**v.**

**Richard C. Pfeiffer, Jr.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

    This matter is before the Court on Plaintiff's Second Motion for Reconsideration and Request for Oral Argument (Doc. 47). Plaintiff again requests that this Court reconsider its September 7, 2006 Opinion and Order granting Defendants' Motion for Summary Judgment (Doc. 30), asserting that there has been a change in intervening law. Plaintiff Mark C. Shaw initiated this action against City Attorney Richard C. Pfeiffer, Jr. and Director of Public Safety Mitchell J. Brown, in their official capacities only on February 24, 2005. Plaintiff raised claims of violation of his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. Defendants moved for summary judgment and the Court granted Defendants' Motion. Plaintiff's case was terminated on July 26, 2007. (*See* September 7, 2006 Opinion and Order, denying Plaintiff's motion for reconsideration of the August 8, 2006 Order denying leave to amend complaint (Doc. 34) and July 26, 2007 entry of dismissal (Doc. 35)).

    Plaintiff appealed this Court's ruling to the United States Court of Appeals for the Sixth Circuit, and the Sixth Circuit affirmed this Court's decision on September 23, 2008, specifically

adopting the reasoning set forth in the Court's September 7, 2006 Opinion and Order. *Shaw v. Pfeiffer,* 295 Fed.Appx. 735,736 (6th Cir. 2008). Plaintiff's petition for certiorari to the United States Supreme Court was denied on March 23, 2009. *Shaw v. Pfeiffer*, 129 S.Ct. 1622 (2009).

After exhausting all of his appeals, Plaintiff again sought relief from this Court, filing a Motion for Reconsideration and Request for Oral Argument on September 29, 2009 (Doc. 42). Plaintiff's Motion was denied on January 4, 2010 (Doc. 46). This case has been terminated and all appeals have been exhausted, yet Plaintiff has filed another motion for reconsideration. For the following reasons, the Plaintiff's Second Motion for Reconsideration is **DENIED**.

The facts of this case have previously been set forth in detail in the Court's Opinion and Order, so it is not necessary to reiterate them here.

A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert denied,* 476 U.S. 1171 (1986). As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser,* 993 F.Supp. 1126, 1146-47 (S.D. Ohio 1998) (citing *Firestone v. Firestone,* 316 U.S. App. D. C. 152 (D.C. Cir. 1996)).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing,* 825 F. Supp. 1216, 1219-20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d

ed.1995) (Motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie,* 222 B.R. 64, 66 (Bankr. D.N.J. 1998) (citing *Database,* 825 F.Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database,* 825 F.Supp. at 1220.

Plaintiff argues that this Court should reconsider its prior rulings based on a recent case decided by the Ohio Supreme Court, *State v. Jackson*, 927 N.E. 2d 574 (2010).  Plaintiff argues that this case, which involved criminal charges being dismissed based on the derivative use of a Garrity statement, should apply to the case at bar.  However, that was a criminal matter and this is civil.  The criminal charges were dropped against the Plaintiff in this case.  Plaintiff has failed to provide any further support for why this Court should reconsider its prior rulings.  There has been no significant change in the law that supports Plaintiff's Second Motion for Reconsideration.  Accordingly, there has been no change in the intervening law nor manifest injustice to the Plaintiff.

For the foregoing reasons, Plaintiff's Second Motion for Reconsideration and Request for Oral Argument regarding this Court's September 7, 2006 Opinion and Order granting Defendants' Motion for Summary Judgment is **DENIED**.  In light of this decision, final entry shall again be entered in favor of Defendants, dismissing this action in its entirety with prejudice.

The Clerk shall remove Document 47 from the Court's pending motions list.

This case shall remain closed.

    **IT IS SO ORDERED.**

                                                       */s/ George C. Smith*
                                                       **GEORGE C. SMITH, JUDGE**
                                                       **UNITED STATES DISTRICT COURT**